IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION


JIMMY MOSS and
MOSS FARMS, INC.                                                         PLAINTIFFS

v.                                    5:06-CV-010-JLH


AMERICAN ALTERNATIVE INSURANCE
CORPORATION and BRUCE GASAWAY d/b/a
FIRST ARKANSAS INSURANCE OF DUMAS McGEHEE                 DEFENDANTS


DEFENDANT'S RESPONSE
TO PLAINTIFFS' MOTION FOR REMAND


        Comes the defendant, American Alternative Insurance Corporation (hereinafter "AAIC") by

and through its attorney, The Perkins Law Firm, P. A., and for its response to plaintiffs' motion for

remand, states and alleges as follows:

        Plaintiffs' argument that AAIC is guilty of procedural posturing is like "the pot calling the

kettle black". The plaintiffs filed suit against AAIC seeking to recover on an insurance policy issued

by AAIC to Jimmy Moss and Moss Farms. Plaintiffs include a count for fraud/bad faith alleging that

AAIC attempted to trick plaintiffs into participating in binding arbitration. Knowing that any suit

against AAIC would be subject to federal diversity jurisdiction, plaintiffs named Bruce Gasaway,

the local insurance agent, who had little, if any, involvement in the matter. The sole purpose in

naming Bruce Gasaway as a party defendant was to deprive this Court of jurisdiction. However, the

-1-

complaint does not state a cause of action for fraud against Bruce Gasaway. The plaintiffs acknowledge that they withdrew their "consent" to arbitrate before the process ever began. The plaintiffs did not act or forebear from acting based upon any allegedly fraudulent statement and suffered no loss whatsoever. The most that can be said about the complaint is that it alleges a fraud that was never completed. The complaint is wholly devoid of any facts which state a claim against Bruce Gasaway. In short, the plaintiffs' naming of Bruce Gasaway is fraudulent and he should be dismissed. Plaintiffs' motion for remand should be denied.

Fraudulent joinder exists when a defendant is named as a party to a suit solely for the purpose of destroying federal court jurisdiction. Anderson v. Home Insurance Company, 724 F.2d 82 (8th Cir. 1983). When the court finds fraudulent joinder, the non-diverse defendant is dismissed and removal is proper. Id. The test of whether fraudulent joinder exists is whether "on the face of plaintiff's state court pleadings, no cause of action lies against the resident defendant." Id. at 84. If "there is no reasonable basis in fact and in law supporting a claim against the resident defendant", the federal court should retain jurisdiction over the case. Wiles v. Capitol Indemnity Corporation, 280 F.3d 868 (8th Cir. 2001). While the Court must accept allegations of fact as true when considering a motion to dismiss, the Court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form factual allegations Id. at 870. When the complaint fails to state any cause of action against the defendant or states a cause of action that is nonexistent under state law then joinder is fraudulent. See. Linville v. Conagra Inc., 2004 W.L. 3167119 (E.D. Ark.2004).

A very analogous case as to the case at bar is Anderson v. Home Insurance Company, 724 F.2d 82 (8th Cir. 1983). In Anderson, the Court of Appeals refused to remand an action to state court

-2-

when it found that the complaint failed to state a cause of action against the local insurance agent. The plaintiff sued Home Insurance Company and its agent alleging libel and wrongful denial of a claim after the insurance company refused to pay a claimed fire loss. The plaintiff named his local insurance agent as a defendant which effectively destroyed diversity jurisdiction. Home Insurance removed the case to federal court alleging fraudulent joinder since the complaint did not state a cause of action against the local agent. When the federal district court dismissed the agent, the plaintiff appealed. On appeal, the Eighth Circuit Court of Appeals agreed with the lower court and stated:

> On the face of the pleading, Anderson stated no claim against Politte: Anderson and Home Insurance were the only parties to the contract, and Politte apparently was uninvolved in the libel claim. As a result, Politte is not an indispensable party, (citations omitted), and under Fed. R. Civ. Pro. 21 the district court properly dismissed Anderson's claim against Politte. Id. at 84.

In another similar case, the Eighth Circuit found fraudulent joinder when the complaint failed to allege the proper requisites for a cause of action. In Wiles v. Capitol Indemnity Corp., 280 F.3d 868 (8th Cir. 2001), the plaintiff sued Capitol Indemnity, his local agent and the law firm handling the matter claiming civil conspiracy, fraud, breach of contract and vexatious refusal to pay a claim. The case was removed to federal court and after finding fraudulent joinder, the non-diverse defendants were dismissed. On appeal the Court of Appeals noted that Missouri law did not recognize a cause of action for civil conspiracy against an agent of a disclosed principal. Id. at 870. Since the complaint did not state a claim against the local agent or the law firm, the finding of fraudulent joinder was upheld.

In the case at bar, the complaint filed by the Moss plaintiffs fails to state a cause of action for fraud and fails to state a claim against Bruce Gasaway. The complaint alleges that *AAIC*

misrepresented the terms of its policies to plaintiffs to require binding arbitration. Plaintiffs' Complaint at ¶ 9. It continues and states that Bruce Gasaway[1] perpetrated the fraud by having the plaintiffs sign an agreement to arbitrate. Id. Then amazingly, the complaint states that plaintiffs' consent to arbitrate was "***promptly withdrawn*** ... ***before any action was taken****...." Id. (emphasis added). In other words, before the fraud could be perpetrated, the plaintiffs withdrew and took no action based on the alleged fraud. At best, plaintiffs' complaint alleges an attempted fraud.

The only allegation against Bruce Gasaway is that he had the plaintiffs sign an agreement to arbitrate. Plaintiffs' Complaint at ¶ 9. Obtaining a signature, without more, does not constitute fraud. According to plaintiffs' motion, this one statement contains all of the elements of fraud and constitutes a cause of action under Arkansas law. The plaintiffs urge the Court to infer all missing elements. In their motion, the plaintiffs conveniently forget to mention that they "promptly" withdrew their consent to the agreement and that they did not suffer damages as a result of Gasaway's actions because they withdrew ***"before any action was taken ".*** Id. It is clear that the plaintiffs have manipulated the claims and the named parties in order to deny this Court jurisdiction.

In <u>Briehl v. General Motors Corp.</u>, 172 F. 3d 623 (8th Cir. 1999), the plaintiffs filed suit against General Motors alleging that the ABS braking system in their vehicles was defective by design even though no damage had been suffered due to the defect. The plaintiffs claimed a loss in the resale value of their vehicles as their only damage. In dismissing the suit, the Court of Appeals stated that "at the very least, ..., the complaint must contain facts which state a claim as a matter of

---

[1] It is important to note that the plaintiffs do not allege that Mr. Gasaway was an agent for AAIC, had authority to act for them in this matter, or was, in fact, acting on their behalf.

law and must not be conclusory." Id. at 627.  The Court then discussed the failure of the plaintiffs

to specify their damages and stated:

> The Plaintiffs' conclusory assertions that they, as a class, have
> experienced damages (and the method the Plaintiffs use to calculate
> the damages) are simply too speculative to allow this case to go
> forward.  The Plaintiffs' assertion that their ABS-equipped vehicles
> are defective and that they have suffered a loss in resale value as a
> result of the defect is insufficient as a matter of law to plead a claim
> under any theory the Plaintiffs have advanced.  Even construing all
> allegations in favor of Plaintiffs, we find the District Court was
> correct when it dismissed the Plaintiffs' Original Complaint for
> failure to state a claim. Id. at 629.

Like Briehl, the plaintiffs have failed to state a completed tort, omitting several key elements

of fraud from their pleading.

To constitute the tort of fraud in Arkansas, one must show: 1) damages; 2) a false

misrepresentation of a material fact; 3) knowledge by the defendant that the representation was false;

4) intent that the plaintiff act or refrain from acting in reliance upon the misrepresentation; and 5)

justifiable reliance which was the proximate cause of the damages.  AMI (Civil) 2006, 402.  The

facts stated in the complaint make clear that the plaintiffs did not reasonably rely on any statements

(their signatures were withdrawn), they did not act based upon any reliance (there was no arbitration

or waiver of rights) and there were no damages.  In their motion, the plaintiffs urge the Court to infer

the missing elements and to create a "colorable claim" on their behalf.  While a court may make

inferences favorable to the plaintiff consistent with the facts, a court may not supply missing facts

or facts that do not exist in order to save a complaint from dismissal.  Briehl, 172 F.3d at 627.  In

this case, the Court would be required to infer facts that contradict the facts pled in the complaint

in order to state a cause of action.

In their motion, the plaintiffs sidestep the issues of reasonable reliance, whether they acted or refrained from acting, and whether any such action or forbearance proximately caused any damage. Taking the plaintiffs' facts as true, the alleged fraud was never completed, was not relied upon and caused no damage. For the fraud to have been completed, the plaintiffs would have had to have been damaged or in the least, prejudiced in some manner. In this case, the plaintiffs would have had to have waived a right to jury trial, submitted the matter to binding arbitration and lost, and then discovered the misrepresentation to be false.[2] In their own words, the plaintiffs foiled the attempted fraud by "promptly" withdrawing their consent ***before they took any action***. Reliance on the misrepresentation and action based on that reliance are essential elements of fraud. Here the complaint specifically states that neither of these elements are present. The plaintiffs' complaint basically states that defendants attempted to perpetuate a fraud but that the plaintiffs did not go along with it.[3] While the plaintiffs may be offended by the alleged misrepresentation, there can not be a cause of action for fraud unless all of the elements of the tort are present. When the complaint states that all elements are not present, the action must fail.

The plaintiffs gloss over the issue of damages by asking the Court to infer that they must have suffered some sort of damage. Even in their motion, the plaintiffs are unable to communicate one way in which they have been damaged. Plaintiffs never argue that they were forced to arbitrate, waived any right, or were prevented from pursuing recovery on the policies. Plaintiffs have not been deprived of the ability to file suit as is evidenced by the pendency of this cause. In addition, it is

---

[2] Plaintiffs' argument presumes that they would not prevail in an arbitration.

[3] The plaintiffs use an analogy of a bank robber who returns the stolen money after the robbery. Their reliance on this analogy is misplaced. Based upon the facts in the Complaint, there was no robbery and no funds were stolen.

painfully obvious that the plaintiffs did not suffer any monetary damage.[4]  In fact, the complaint does not allege that they suffered any damage whatsoever.  Damages are a key element in a fraud claim and should not be presumed. AMI Civil 2006, 402; *See,* Ozark Kenworth, Inc. v.Neidecker, 283 Ark. 196, 672 S.W. 2d 899 (1984).  This too, the plaintiffs ask the Court to infer even though it is factually impossible based upon the statements in the complaint.  The plaintiffs failure to suffer any damage condemns any action for fraud.

Bruce Gasaway was named as a defendant in this action for one purpose and one purpose only --- to destroy federal court jurisdiction.  The Moss plaintiffs are guilty of fraudulent joinder and Bruce Gasaway should be dismissed as a party defendant.  Plaintiffs' motion to remand should be denied.

---

[4] Although they do not specify what damage they have suffered, the plaintiffs state in a footnote that they would be able to recover nominal damages, contract damages, punitive damages and bad faith damages from Bruce Gasaway.  However, nominal damages may only be recovered when one has been denied a right, Cathey v. Arkansas Power & Light, Co., 193 Ark. 92, 97 S.W. 2d 624 (1936); punitive damages may only be recovered upon proof of compensatory damages, Ark. Code Ann.  §16-55-206 (2003); Bell v. McManus, 294 Ark. 275, 742 S.W. 2d 559 (1988); and bad faith damages may only be recovered against an insurance company, AMI Civil 2006, 406; Country Corner Food & Drug v. First State Bank & Trust, 332 Ark. 645, 966 S.W. 2d 894 (1998).  Additionally, Bruce Gasaway was not a party to the contract so they may not recover on the contract claim.

Wherefore the defendant, American Alternative Insurance Corporation, prays that plaintiffs' motion to remand be denied and for all other relief to which it is entitled.

THE PERKINS LAW FIRM, P. A.

G. S. Brant Perkins (89166)
P. O. Box 4054
Jonesboro, AR  72403-4054
Ph:  (870) 931-5800

By: _____
Attorney for American Alternative
Insurance Corporation

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Defendant's Response to Plaintiffs' Motion for Remand has been forwarded to: Mr. C. C. Gibson, III, Gibson & Hashem, P. L. C., Attorney for Plaintiffs, P. O. Drawer 447, Monticello, Arkansas 71657, and Mr. Brooks A. Gill, Gill Law Firm, PLC, Attorney for Bruce Gasaway d/b/a First Arkansas Insurance of Dumas McGehee, 135 West Waterman Street, Dumas, AR 71639, by ECF and United States mail with sufficient postage to insure delivery, this 21st day of February, 2006.

_____
G. S. Brant Perkins

-8-